# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States of America v. Antoni Damian Peralta*
Case No. 3:08-cr-00084-TMB-MMS

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

Before the Court is Defendant Antoni Damian Peralta's Unopposed Motion to Correct Judgment Pursuant to Federal Rule of Criminal Procedure ("Rule") 36 at Docket 284 (the "Motion").[1] For the reasons stated below, the Court **GRANTS** the Motion.

Peralta moves, unopposed, "for an order clarifying the Court's judgment in this matter"[2] pursuant to Rule 36, which permits the Court to "at any time correct a clerical error in a judgment."[3] Specifically, Peralta asks the Court to clarify the term of incarceration he shall serve for the supervised release violation in this case.[4]

The Court sentenced Peralta on August 11, 2020, to "time-served" for the supervised release violation in this case. At the time of his sentencing, Peralta had been in custody for 30 months.[5] He faced a guideline range of 7–13 months and a statutory maximum term of incarceration of 24 months.[6] The parties and the United States Probation Office agreed Peralta's sentence should not exceed the guideline range.

At present, Peralta's Judgment provides only that he is sentenced to "time-served" with no term of supervised release to follow.[7] Consequently, "it is unclear from the judgment exactly what amount of time the Court intended Mr. Peralta to serve."[8] According to Peralta, this ambiguity has caused the Bureau of Prisons to credit all 30 months that Peralta was in custody toward his sentence for the supervised release violation. This 30-month sentence exceeds the statutory maximum sentence of 24 months and well exceeds the guideline range of 7–13 months. Further, at present, none of the 30-month period is credited toward the other federal sentence that Peralta is currently serving on a felon in possession charge for which the Court sentenced Peralta to 78 months on July 23, 2020. This result was not what the Court intended and reflects a clerical error in the judgment: the judgment should have specified the definite period of incarceration the Court intended at the time of Peralta's sentencing.

---

[1] Dkt. 284 (Motion).
[2] *Id.* at 1.
[3] Fed. R. Crim. P. 36.
[4] Dkt. 284 at 2.
[5] Dkt. 274 (Violation Disposition Report); 18 U.S.C. § 3583(e)(3).
[6] Dkt. 274.
[7] Dkt. 282 (Judgment).
[8] Dkt. 284 at 3.

1

Having reviewed the briefing and the record, and with the benefit of the Court's recollection of Peralta's sentencing, the Court **GRANTS** the Motion. When the Court sentenced Peralta to time-served, it intended a time-served sentence equal to 7 months—the bottom of the guideline range. The Court will amend the Judgment, pursuant to Rule 36, to correct this clerical error by specifying that Peralta shall serve a time-served sentence equal to 7 months, as the unopposed Motion requests. Doing so will "conform the sentence to the term which the record indicates was intended" and is, therefore, proper under Rule 36.[9] The Court expects that in light of the forthcoming amended judgment, Peralta should receive time-served credit for the remaining 23 months that he was in custody between his arrest and sentencing in this case toward any remaining sentences he is serving.

The Court directs the United States Probation Office to prepare an amended judgment consistent with this Order.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: April 29, 2022.

---

[9] *United States v. Kaye*, 739 F.2d 488, 490 (9th Cir. 1984).